IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARY BRESSLER,

    Plaintiff,

  v.                                                                                              Case No. 1:23-cv-00269-KWR-JMR

U.S. COTTON, LLC and JAIME MORENO,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND

THIS MATTER comes before the Court upon Plaintiff's Motion to Remand to State Court, filed April 29, 2023. **Doc. 14**. Having reviewed the pleadings, the parties' briefs, and applicable law, the Court finds that Plaintiff's Motion is well taken and, therefore, is **GRANTED IN PART**. This case is remanded back to the Second Judicial District Court, County of Bernalillo, State of New Mexico. Plaintiff's request for fees and costs is **DENIED** in conjunction with the remand order. Finally, because the Court lacks subject matter jurisdiction, it declines to rule on Defendant Jaime Moreno's motion to dismiss and Plaintiff's motion to amend complaint.

### BACKGROUND

Plaintiff Mary Bressler was employed by Defendant U.S. Cotton, LLC (hereinafter US Cotton) as a production supervisor in its Rio Rancho plant. **Doc. 1, 27.** Plaintiff alleges that Defendant Jaime Moreno, the Rio Rancho plant manager, created a hostile work environment by favoring male employees, openly yelling at and disrespecting female employees, and favoring male employees for overtime work. **Doc. 1, Ex. A, ¶¶ 7-14, Doc. 27**. Plaintiff further alleges that US Cotton ratified Defendant Moreno's conduct, which constructively terminated her employment with US Cotton. **Doc. 1, Ex. A ¶ 22, Doc. 27**.

1

Plaintiff filed a complaint in the Second Judicial District Court, County of Bernalillo on February 24, 2023, alleging breach of contract, wrongful discharge, breach of the covenant of good faith and fair dealing, and wrongful discharge in violation of the worker's compensation act. **Doc. 1, Ex. A.** Defendants removed the case to federal court on March 30, 2023, under 28 U.S.C. § 1441 and 1446 based on diversity jurisdiction, asserting that Defendant Moreno was fraudulently joined, and that Plaintiff cannot state a claim against him. **Doc. 1.** Plaintiff moved to remand this case to state court for lack of diversity jurisdiction on April 29, 2023. **Doc. 14.**

## DISCUSSION

Defendants removed this case to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Although the parties are not completely diverse, Defendants argue that the Court in fact has diversity jurisdiction because the non-diverse defendant, Jaime Moreno, was fraudulently joined. **Doc. 1.** The Court concludes that Defendants failed to carry their heavy burden to show that Moreno was fraudulently joined. The Court therefore lacks diversity jurisdiction over this case and remands it back to state court. Because the Court lacks subject matter jurisdiction, the Court declines to rule on Defendant Moreno's motion to dismiss or Plaintiff's motion to amend complaint. **Doc. 4, 13**.

I.      **Removal and Remand Standards**.

Federal courts are courts of limited jurisdiction. There is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982); *Martin v. Franklin Cap. Corp.,* 251 F.3d 1284, 1290 (10th Cir. 2001) (abrogated on other grounds by *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014)). If a civil action filed in state court satisfies the requirements for original federal jurisdiction, the defendant may invoke 28 U.S.C. § 1441(a) to remove the action

to the federal district court "embracing the place where such action is pending." *Zufelt v. Isuzu Motors Am., LLC*. However, removal statutes are strictly construed, and ambiguities should be resolved in favor of remand. *See Fajen*, 683 F.2d at 333 (citations omitted).

Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff joins a non-diverse party fraudulently to defeat federal jurisdiction. *See Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991). The citizenship of fraudulently joined defendants "should be ignored for the purposes of assessing complete diversity." *See Dutcher v. Matheson*, 733 F.3d 980, 987-88 (10th Cir. 2013).

In evaluating a claim of fraudulent joinder, "all doubts are to be resolved against removal." *Fajen*, 683 F.2d at 333. In other words, the removing party "bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). This is a high bar for defendants to meet and poses a standard "more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)" and "which entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano v. Allstate Indemnity,* 211 F.3d 1278, 2000 WL 525592, at *1-2 (10th Cir. 2000).[1] The Court must "determine whether [the plaintiff] has any possibility of recovery against

---

[1] Many district courts within the Tenth Circuit have referred to the standard for fraudulent joinder as requiring clear and convincing evidence. *See Bristow First Assembly of God v. BP p.l.c.*, No. 15-CV-523-TCK-FHM, 2016 WL 5415792, at *2 n.1 (N.D. Okla. Sept. 28, 2016) (finding "no significant difference between the 'complete certainty' language in *Smoot* and the 'clear and convincing' language in other cases); *Spence v. Flynt*, 647 F.Supp. 1266, 1271 (D. Wyo.1986); *Castens v. Conseco Life Ins. Co.*, No. 11–CV–628–TCK, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012); *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1163 (D.N.M. 2015).

3

the party whose joinder is questioned." *Id.* at *1 (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)); *see also Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).

The party defending removal may carry this "heavy burden" and successfully assert fraudulent joinder by demonstrating either: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Dutcher*, 733 F.3d at 988; *Black Iron, LLC v. Helm-Pacific*, 2017 WL 2623846, at *4 (D. Utah June 16, 2017); *see also Montano,* 211 F.3d at *1-2, 4 (to prove fraudulent joinder, the removing party must demonstrate that there is "no possibility" that plaintiff would be able to establish a cause of action against the joined party in state court).

II. **The parties are not completely diverse, and Defendants have failed to prove there is no possibility of a cause of action against the non-diverse party, Jaime Moreno.**

On its face, the complaint and notice of removal indicate a lack of complete diversity. Plaintiff is a citizen of New Mexico. **Doc. 1, Ex. A, ¶ 1**. Defendant US Cotton is a Delaware limited liability corporation solely owned by a North Carolina corporation**. Doc. 1, at 2.** Defendant Jaime Moreno, however, is a citizen of New Mexico**. Doc. 14, at 1.** Therefore, the parties are not completely diverse, and this Court lacks diversity jurisdiction.

Defendants argue that diversity jurisdiction exists because Plaintiff fraudulently joined a non-diverse defendant, Defendant Moreno, and that Plaintiff cannot plausibly assert a claim against him. The Court disagrees.

Plaintiff asserts four counts against Defendant Moreno relating to her employment contract with US Cotton: breach of contract, wrongful discharge, breach of the covenant of good faith and fair dealing, and discharge in violation of the workers compensation act. **Doc. 1, Ex. A.** In

response, Defendants contend that Plaintiff's employment relationship was only with US Cotton and not Defendant Moreno. **Doc. 17, at 4.** Defendants argue that Plaintiff's causes of action against Defendant Moreno are predicated on a nonexistent employment relationship between Defendant Moreno and Plaintiff, so Defendant Moreno is fraudulently joined. *Id.*

Under New Mexico law, employment at will can be terminated by either the employer or the employee for any, or no, reason at all; retaliatory or wrongful discharge is a narrow exception to the at-will employment rule. *Sherill v. Farmers Ins. Exch.*, 374 P.3d 723, 727 (N.M. Ct. App. 2016); *see also Shovelin v. Cent. N.M. Elec. Coop.,* 850 P.2d 996, 1006 (N.M. 1993). A wrongful discharge cause of action requires an employee to (1) identify a specific expression of public policy which the discharge violated; (2) demonstrate that he or she acted in furtherance of the clearly mandated public policy; and (3) show that he or she was terminated as a result of those acts. *Sherill,* 374 P.3d at 727.

Wrongful discharge is a cause of action typically laid against a corporation, but a supervisor may be held individually liable under a wrongful discharge claim if there is evidence in the record that the supervisor acted outside the course or scope of his or her employment. *Bourgeous v. Horizon Healthcare Corp.*, 872 P.2d 852, 855 (N.M. 1994); *see also Saavedra v. Lowes Home Ctrs., Inc.,* 748 F.Supp.2d 1273, 1290-91 (D.N.M. 2010) ("An individual may not be held liable for retaliatory discharge if there is no evidence in the record that the individual acted outside the course and scope of his or her employment."). While most retaliatory discharge claims are correctly lodged against an employer, New Mexico law does not foreclose the possibility that a supervisor could be held personally liable when acting outside the scope of their employment, for an intentional act solely for the supervisor's benefit, or if there is evidence of the supervisor's malicious, willful, or wanton conduct. *Bourgeous*, 872 P.2d at 855-56.

In pleading the elements of a wrongful discharge cause of action, Plaintiff first asserts that the termination of her employment is in clear violation of the public policy against discrimination in employment and the stability of employer-employee relationships. **Doc 1., Ex. A, ¶ 34.** Second, Plaintiff pleads that she, and other female employees, attempted to redress the hostile work environment with the plant's human resources manager, an action that could be construed as taken in furtherance of the clearly mandated public policy. *Id.* **¶ 15.** Third, Plaintiff states that her termination was not based on good cause, and was motivated by bad faith and malice, making it conceivable that her employment was constructively terminated because of this hostile work environment. *Id.* **¶¶ 16, 32.** Plaintiff has made several factual and legal assertions that make it possible that she could bring a wrongful discharge claim under New Mexico law.

Plaintiff's complaint also includes sufficient factual assertions to hold her supervisor, Defendant Moreno, individually liable for wrongful discharge. Plaintiff alleges several claims regarding Defendant Moreno's conduct including the creation of a hostile and harassing work environment, favoritism of male employees and golf companions, openly yelling at female employees, and choosing male employees to stay late for overtime pay while overworking female employees. *Id.* **¶¶ 7-14.** Further, Plaintiff alleges her termination was motivated by bad faith and malice, and that her termination was a tortious breach of the employment relationship with US Cotton. *Id.* **¶¶ 32-35**. New Mexico law does not foreclose a wrongful discharge claim brought against a supervisor acting outside the scope of his employment. *Bourgeous*, 872 P.2d at 855-56. Plaintiff's complaint alleges facts that suggest Defendant Moreno plausibly acted outside the scope of his employment by creating a hostile work environment. Therefore, there is a possibility that Defendant Moreno could be held individually liable under a wrongful discharge cause of action.

Whereas the court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) only if a reasonable person could not draw an inference of plausibility, a removing defendant "must establish a claim's impossibility for fraudulent joinder purposes with complete certainty upon disputed evidence." *See Bellman v. NXP Semiconductors USA*, Inc. 284 F. Supp. 3d 1081, 1133 (D.N.M. 2017). Here, the evidence is disputed. In its answer to Plaintiff's complaint, US Cotton denies both the creation of a hostile work environment or any of Defendant Moreno's specific conduct described in the complaint. **Doc. 2, ¶¶ 7-14.** In sum, Plaintiff has created sufficient factual and legal issues as to whether Defendant Moreno engaged in discriminatory conduct in US Cotton's plant, whether Plaintiff was wrongfully discharged in retaliation for the actions she took to redress the hostile work environment, and whether Defendant Moreno was acting within the scope or course of his employment with US Cotton. **Doc. 1, Ex. A.**

Consequently, the Court cannot say that there is no possibility that Plaintiff could assert a claim against Defendant Moreno. Although the Court may pierce the pleadings in deciding fraudulent joinder, "this does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot*, 378 F. 2d at 882. Here, these factual and legal disputes must be resolved in the Plaintiff's favor. *See Dutcher*, 733 F.3d at 988. Thus, the Court declines to address the remainder of Defendants' arguments. Based on the disputed facts, there is a possibility that the Plaintiff can bring an individual wrongful discharge claim against Defendant Moreno. Therefore, the Defendants have failed to carry their heavy burden and show that there is no possibility of a claim against Defendant Moreno.

**IV.     Costs and Fees.**

Plaintiff asks for attorney fees and costs incurred in seeking remand because the Defendant's motion for removal was improper. **Doc. 14.** Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005). While an award of fees is within the discretion of the Court, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. Considering the totality of the circumstances, the Court concludes that Defendants had an objectively reasonable basis for removal and did not remove this case to prolong litigation or impose costs on Plaintiff. Although Defendants ultimately failed to carry their burden of proving fraudulent joinder, their underlying argument was objectively reasonable, so an award of attorney fees and costs is not justified.

## CONCLUSION

This Court lacks diversity jurisdiction over this case because there was a lack of complete diversity at the time of removal. 28 U.S.C. § 1447(c). Defendants have not carried their heavy burden of showing there is no possibility of claims against the non-diverse defendant, Jaime Moreno. Therefore, the Court grants in part Plaintiffs' motion to remand. The Court declines to award attorney fees. Accordingly, the Court declines to rule on Defendant Moreno's motion to dismiss or Plaintiff's motion to amend complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand **(Doc. 14)** is hereby **GRANTED IN PART** for reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that this action is **REMANDED** to Second Judicial District Court, County of Bernalillo, State of New Mexico. The Clerk of Court is hereby directed to take the necessary actions to remand the case.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE